IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:09-cr-00222-13

THOMAS J. MORRIS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant Thomas J. Morris appeared before the Court on December 4, 2009, and entered a plea of guilty to the charge of conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5). The Government proffered a stipulation of facts signed by Defendant to establish the factual basis for the plea. The Court accepted the plea of guilty at that time but questioned whether the stipulation established the mens rea element of the charged offense. The parties appeared before the Court again on December 11, 2009, to address the Court's concerns. At that hearing, the Government conceded that the stipulation of facts did not establish each element of the offense. The Court directed the parties to submit briefing on the matter, which is now complete.

It is within a court's discretion to accept or reject a defendant's proposed plea of guilty. *Santobello v. New York,* 404 U.S. 257, 262 (1971). Furthermore, before a court may enter judgment on a guilty plea, it must be satisfied that a factual basis for the plea has been established. Fed. R. Crim. P. 11(b)(3). The purpose of this requirement is to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that

his conduct does not actually fall within the charge." *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007). The factual basis for the offense need not be demonstrated at the plea colloquy, provided that the basis can be established by reference to documents in the record. *Id*. A court therefore may defer its finding of a factual basis for the plea until the time of sentencing, when a presentence investigation report has been prepared and considered. *United States v. Martinez*, 277 F.3d 517, 522 n.4 (4th Cir. 2002).

In this case, the Government and Defendant agree that the factual basis for the guilty plea was not established by the plea colloquy. The Court further notes that no documents presently in the record establish a factual basis for the plea. The Court recognizes that it may defer its finding until sentencing but declines to do so here. As the Court stated at the December 11 hearing, this case presents the extraordinary circumstance in which the stipulation of facts may establish factual innocence to the offense charged in the Indictment.

Accordingly, the Court hereby **REJECTS** Defendant's guilty plea.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, and the United States Probation Office.

ENTER: January 15, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE